## INJURIES PREVENTING PURSUIT OF PROPOSED VOCATION.

Circuit Court of Cuyahoga County.

THE LAKE SHORE ELECTRIC RAILWAY COMPANY v. GEORGE M.
MILLS.*

Decided, March 14, 1911.

*Personal Injury—Measure of Damages to College Student—Evidence
—$9,000 Not Excessive Verdict.*

1. A young man studying at college to become a mining engineer, was
   seriously injured in a trolley accident by the negligence of the
   company. He was permitted to show that his injury would pre-
   vent his following his chosen profession. *Held:* No error, even
   though his petition did not allege this special damage.
2. Though the petition does not claim damages for an arm, it is not
   error to permit a witness to testify that he found an injury to
   plaintiff's arm, if the jury is cautioned that there can be recovery
   only for the injuries specified in the petition.
3. Nine thousand dollars is not an excessive verdict for a young
   college man twenty-two years old, injured as shown in this case.

*M. B. & H. H. Johnson* and *G. M. Dahl,* for plaintiff in error.
*Skiles, Green & Skiles* and *B. B. & A. G. Newcomb,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties here is the reverse of the relation
in which they stood in the court of common pleas. The terms
plaintiff and defendant, as used in this opinion, refer to the par-
ties as they stood in the original action.

The plaintiff was a passenger in a car being operated by the
defendant upon its road and was injured by the negligence of
the defendant. This is conceded by the defendant. Suit was
brought to recover damages for such injury, and the result was
the plaintiff recovered a judgment of nine thousand dollars.
It is claimed that these damages are excessive, and that the court
erred in the admission of evidence on the question of such
damages. The plaintiff, was, at the time of the injury, about

* Affirmed without opinion, 84 Ohio St., 443.

22 years of age and was a student at the Case School of Applied
Science in the city of Cleveland.   He was studying with a view
to becoming a mining engineer.   His father is an engineer and
during school vacations he had worked some with his father in
surveying, but he had not graduated in the profession, though
he was within less than one year of graduation at the time he
was injured.   The injury resulted, as claimed by the plaintiff, in
a curvature of the spine, and as is further claimed is such an
injury to the back as would altogether prevent, or in any event
greatly interfere with the prosecution by the plaintiff of the
profession of a mining engineer.   It is claimed that this evi-
dence was all incompetent because the plaintiff was not a min-
ing engineer.   It is not like the case of one engaged in an em-
ployment where he hopes for promotion, but it is a case where
the recovery sought was for damages which naturally would flow
to one preparing for a particular occupation.   The rights of
the plaintiff would be governed by the same rule that would
govern if he were an apprentice to a mechanical trade, so pre-
paring himself to earn money in the prosecution of that trade.

If this plaintiff had been a mining engineer at the time of the
injury there is no doubt that he might show that fact and how
he would be affected in the prosecution of that profession.   Sup-
pose instead of being an undergraduate in the college the plaint-
iff had just received his diploma, but had never entered upon
the practice of his profession, and had never earned any money
as an engineer, it would seem difficult to give any good reason
why the effect of the injury upon his prosecuting the profession
would not be competent.

If instead of having received the injury immediately after he
had received his diploma he had received it a week before he
would have graduated, or, as in the case, about a year before
he would have graduated, the reason for admitting evidence
as to the effect of such injury upon the prosecution of the profes-
sion would seem to apply as well in the one case as in the other.
This young man, presumably at a considerable expense, was
preparing for a profession in which he might expect to earn
money, is so injured by the defendant that he is not likely to be

able to prosecute that profession with such success as he otherwise would probably have been able to prosecute it, and we see no reason why, in estimating the damages, the effect upon his ability to do that which he was preparing himself to do, was not proper subject of inquiry. If instead of the profession which he had selected he had been studying for a long time for the profession of the ministry or of an actor upon the stage and the injury had resulted in total loss of his voice, we think the case would have been parallel to the present, and that such loss of voice and its effect upon the proposed occupation of the party injured would be a proper subject of inquiry in estimating the damages to which he would be entitled.

It is urged, however, that the petition in this case making no mention of the fact that the plaintiff was preparing for a particular profession or occupation, no recovery can be had because the injury tending to prevent his following such occupation is not specially pleaded. In this we think the plaintiff in error is wrong. The plaintiff was not claiming special damages because he had been interfered with in doing a particular thing, but he claimed damages because of an injury which he received and which injury must necessarily result in affecting his ability to do work which he otherwise might have done. Under the allegations of this petition it was competent for the plaintiff to show what work he was doing and what work he would be able to do, or probably be able to do but for this injury, and how the injury would affect his ability to do that kind of work.

Complaint is further made that the court permitted to stand an answer made by a witness that an examination of the plaintiff showed an injury to his arm, when there was no allegation in the petition that he received an injury to his arm, or that he claimed anything on account of such injury. The answer came to a question as to the condition in which the plaintiff was and the witness, in giving the answer, spoke of this injury to the arm, and this he necessarily spoke of if he gave a complete answer to the question, and it is of course true that the plaintiff was not entitled to recover by reason of the injury to the arm, not having pleaded it, nor was any recovery allowed therefor.

The court in its charge read to the jury the charges of negligence in the petition and the averments therein as to the injuries sustained and then said: "You will be confined in your consideration as to his loss to the personal injuries which he received and the other damages as recited and alleged in this petition."

From this it seems clear that the jury were not permitted to consider any injuries other than such as are alleged in the petition, nor can anyone suppose from reading this record that what was said about the arm affected the verdict one iota. But, it is said, the amount allowed, $9,000, is excessive.

We are not prepared to assent to this proposition. It was conceded at the trial that the plaintiff was in the best of health before the injury and that he was injured by the negligence of the defendant, and the testimony clearly shows that he received such an injury as must have caused him very great pain; that he has suffered greatly from it ever since; that his back is probably permanently injured; that his leg and ankle were crushed; that the bones in his leg and ankle were fractured; that there was great injury to his knee and that his nervous system was shattered to a great degree. Of course the measure of damages in such a case is not what one would expect in money to have such an injury inflicted upon him, but it must be compensation so far as money can reasonably compensate for the real injury received, including the physical and mental pain as well as the direct loss in earning capacity.

An examination of this record fails to show any error which would justify a reversal of the judgment of the court below and the same is affirmed.